**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OSAMA M. EL-ATARI | ) | Case No. 09-14950-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| KEVIN R. MCCARTHY, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01397 |
| | ) | |
| MAJIDA M. EL-ATARI | ) | NOT FOR PUBLICATION IN |
| | ) | WEST'S BANKRUPTCY REPORTER |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Majida M. El-Atari (Docket No. 26).  The Plaintiff filed the Complaint on August 8, 2011, and seeks to (a) avoid the transfer of Qtrax, Inc. stock that was made to the Defendant, pursuant to 11 U.S.C. § 548(a)(1)(B) (Count I); (b) avoid the transfer of Qtrax, Inc. stock that was made to the Defendant, pursuant to 11 U.S.C. § 547(b) (Count II); (c) avoid the transfer of Qtrax, Inc. stock that was made to the Defendant, pursuant to 11 U.S.C. § 549(a) (Count III); (d) recover the transferred Qtrax, Inc. stock, pursuant to 11 U.S.C. § 550(a) (Count IV); and (e) disallow any claims held by the Defendant against the bankruptcy estate, pursuant to 11 U.S.C. § 502(d), because the Defendant failed to return the transferred Qtrax, Inc. stock to the Trustee (Count V).  There being no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all five Counts, that a judgment

requiring the Defendant to turn over, to the Trustee, 30,290,000 shares of Qtrax, Inc. stock be entered for the Plaintiff, and that any claims held by the Defendant against the bankruptcy estate be disallowed, until the judgment is satisfied.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. All five Counts are core proceedings under 28 U.S.C. § 157(b)(2). However, because the Plaintiff seeks to augment the bankruptcy estate by the entry of a judgment requiring the Defendant to turn over to the Trustee certain assets, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Plaintiff's Motion for Default Judgment

This is one of approximately fifty four adversary proceedings filed by the Trustee in connection with this bankruptcy case. Mr. el-Atari, the Debtor in this case, engaged in fraud on a massive scale; this much is undisputed. He forged life insurance certificates, and borrowed against them with various lending institutions. Ultimately, he was found out, apprehended and charged with a number of federal offenses. He pleaded guilty to two counts of bank fraud, and was sentenced to twelve years in prison. His restitution obligations exceed $54,000,000.00.

According to the allegations of the Complaint, "the Debtor became insolvent not later than late 2007, and has remained so to the present." Complaint, ¶ 21. In November 2007, the Debtor allegedly used personal funds to invest in Qtrax, Inc., and acquired 34,390,000 shares of

stock for $12,000,000. *Id.* at ¶ 16. The Debtor thereafter transferred 30,290,000 shares of the stock to the Defendant, for which the Defendant provided no consideration. *Id.* at ¶¶ 17-18.

With regard to Count I, Avoidance of the Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B), the Plaintiff specifically alleged that (a) the transferred stock was property of the Debtor, (b) the Debtor received less than a reasonably equivalent value in exchange for the transfer, (c) the Debtor was insolvent on the date of the transfer, (d) at the time of the transfer, the Debtor was engaged in business for which any property remaining with the Debtor constituted an unreasonably small amount of capital, and (e) at the time of the transfer, the Debtor intended to incur debts that were beyond the Debtor's ability to repay. Complaint, ¶¶ 24-28.

With regard to Count II, Avoidance of the Transfer Pursuant to 11 U.S.C. § 547(b), the Plaintiff specifically alleged that (a) the Defendant was either an insider or that the transfer was made within one year immediately prior to the petition date, (b) the transferred stock was property of the Debtor, (c) the transfer was made for the benefit of the Defendant, (d) the transfer was made while the Debtor was insolvent, and (d) the transfer enabled the Defendant to receive more than he would have had the case been a case under Chapter 7 of the Bankruptcy Code. Complaint, ¶¶ 31-36.

With regard to Count III, Avoidance of the Transfer Pursuant to 11 U.S.C. § 547(a), the Plaintiff specifically alleged that (a) the Debtor caused some or all of the stock transfer to occur after the filing of the petition, (b) the transferred stock was property of the Debtor's bankruptcy estate, (c) the transfer was made for the benefit of the Defendant, and (d) the transfer was either not authorized by the bankruptcy court or authorized under 11 U.S.C. § 542(c). Complaint, ¶¶ 39-43.

With regard to Count IV, Recovery of the Avoided Transfer Pursuant to 11 U.S.C. § 550(a), the Plaintiff alleged that the Defendant was the initial transferee of the transferred stock. *Id.* at ¶ 46.  Finally, with regard to Count V, Disallowance of Claims Pursuant to 11 U.S.C. § 502(d), the Plaintiff alleged that (a) the transfer is avoidable pursuant to Section 548(a)(1)(B), Section 548(b), or Section 549(a), and (b) the transferred stock is recoverable from the Defendant pursuant to Section 550(a).  *Id.* at ¶¶ 49-50.

On January 13, 2012, the Court entered an Order allowing service on the Defendant by publication.  Docket No. 21.  On February 7, 2012, the Plaintiff filed an Affidavit of Publication, evidencing publication in the Washington Times, on January 20, 2012, and January 27, 2012. Docket No. 23.

On May 1, 2012, the Court held a hearing on the Plaintiff's Motion for Default Judgment. In accordance with 50 U.S.C. App. § 521, the Plaintiff attached to the Motion an Affidavit stating that the Defendant is not in the military, and therefore not entitled to relief under the Servicemembers' Civil Relief Act.  Docket No. 26, Declaration of D. Marc Sarata, ¶¶ 9-10.  The Plaintiff was present at the hearing by counsel.  The Defendant failed to appear at the hearing. Pursuant to Fed.R.Bankr.P. 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."  The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Fed.R.Bankr.P. 7012.  The Court further finds that the relief sought is for the return of a specific asset to the bankruptcy estate, specifically, 30,290,000 shares of Qtrax, Inc. stock.  Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted as to all five Counts,

that the Defendant be required to turn over, to the Trustee, 30,290,000 shares of Qtrax, Inc. stock, and that any claims held by the Defendant against the bankruptcy estate be disallowed, until the judgment is satisfied.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED as to all five Counts, that judgment be ENTERED for the Plaintiff such that the Defendant is required to return, to the Trustee, 30,290,000 shares of Qtrax, Inc. stock, and that any claims held by the Defendant against the bankruptcy estate be DISALLOWED, until the judgment satisfied.

> The Defendant is notified that Rule 9033(b) provides as follows:
>
> Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all the parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

Fed.R.Bankr.P. 9033(b). The Court will issue an Order making the foregoing recommendation to the District Court.

Date: _____
Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Kevin R. McCarthy, Esquire
McCarthy & White, PLLC
1751 Pinnacle Drive #1115
McLean, VA 22102
Plaintiff

Kristen E. Burgers, Esquire
Leach Travell Britt, PC
8270 Greensboro Drive
Suite 1050
McLean, VA 22102
Counsel for the Plaintiff

Majida M. El-Atari
203 Yoakum Pk.
Alexandria, VA 22304
Defendant *pro se*